[No. 1513.]

## JOHN RUSTON v. THE STATE.

PRACTICE—STATEMENT OF FACTS.—In this case the counsel for appellant, having prepared a statement of facts within the time allowed, presented it to the trial judge for approval, who, according to his own endorsement, because the prosecuting counsel refused to agree to it, or to make another, declined to approve it, not "feeling authorized, nor being willing to assume the responsibility." *Held*, error; and that it was the duty of the judge to take the appellant's statement, and from it and his own knowledge of the proof adduced, prepare a statement of facts. See the opinion for the rule on the subject.

APPEAL from the County Court of DeWitt. Tried below before the Hon. J. D. Terry, County Judge.

The appellant was convicted of theft of property under the value of twenty dollars, and his punishment was affixed at confinement in the county jail for six months and a fine of twenty-five dollars.

The opinion discloses the only question involved in the ruling.

No brief for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. This is a companion case to cause No. 1514, *John Ruston* v. *The State*, reversed and remanded by us on the twenty-sixth ultimo. In this case, as in that, it is made to appear that appellant used every means available to have his statement of facts certified and approved, so that it might become a part of the record in this appeal. He made out his statement of facts and presented it for approval to the county judge within the time allowed. That officer, according to his statement found in the record, because, it seems, the county attorney had neither agreed to this statement or made out one himself, "did not feel authorized, nor was I (he) willing to take the responsibility of approving this statement."

The duty of the judge, we think, is clearly pointed out by the statute. "If the parties do not agree upon such statement of facts,

or if the judge do not approve or sign it, the parties may submit their respective statements to the judge, who shall, from his own knowledge, with the aid of such statements, during the term make out and sign and file with the clerk a correct statement of the facts proven on the trial, and such statement shall constitute a part of the record." (Rev. Stats., Art. 1378.) This rule obtains also where time is allowed to prepare the statement after adjournment of the term.

There being no statement on the part of the county attorney, the judge should have treated the defendant's as a disagreed statement, and should have received it, and from it and his own knowledge made out a correct statement, in case he could not approve it as correct. Defendant has been deprived of a most important legal right, for which the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered February 2, 1884.